IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RUTH JORDAN, )
)
Plaintiff, )
)
vs. )
) 1:11CV116 JTM
SUNRISE CREDIT SERVICES, INC., )
)
Defendant. )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Ruth Jordan brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Sunrise Credit Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Ruth Jordan is an individual who resides in Fort Wayne, Indiana.

5. Defendant Sunrise Credit Services, Inc. is a corporation chartered under New York law with principal offices at 260 Airport Plaza, Farmingdale, NY 11735.

6. Sunrise Credit Services, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. Sunrise Credit Services, Inc. is a debt collector as defined in the FDCPA.

1

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

9. Plaintiff retained counsel to represent her in connection with the alleged debt.

10. On or about January 26, 2011, counsel faxed defendant a letter stating that she was represented and that she disputed the debt. A copy of the letter and fax transmission report is attached as Exhibit A.

11. A month later, on or about February 25, 2011, defendant sent plaintiff, directly, the letter attached as Exhibit B.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

13. Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

14. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**... (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; ...**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

/s/
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25451\Pleading\Complaint_Pleading.wpd

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4